NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GEORGE MCDERMOTT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1526

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01398-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

George McDermott appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction.  In response to this court's show cause order, the United States urges the court to summarily affirm the decision, while Mr. McDermott

moves to strike the show cause order and asks the court to allow the appeal to proceed.[1]  We summarily affirm.

Mr. McDermott has a long history of litigation.  In the present case, he alleged "[b]reach of [c]ontract" by those he referred to as "[corporate] [d]efendants [l]eading 32+years of [c]ourt [c]orruption."  ECF No. 16 at 11.  For relief, Mr. McDermott asked to "[r]estore" his "[r]ight to [j]ury trial" and "compel[ ] [l]ower [c]ourts [to] [r]estore [d]ockets."  *Id.* at 12.  Included with his complaint were: (1) a request for mandamus relief to "compel inferior court officers and agents," asserting, inter alia, that courts in his prior cases had issued "fraudulent unsigned orders" and "refus[ed] to docket pleadings," *id.* at 13–14 (capitalization omitted); and (2) Cover Sheets stating that he was seeking $30–45 million; that the nature of the suit was "civil rights denied"; and alleging "theft" of "business and personal residence" through "judicial terrorism, obstruction of justice and falsification court records," *id.* at 24 and 35.  The Court of Federal Claims concluded that Mr. McDermott had failed to "allege, much less demonstrate" the existence of a contract with the federal government and dismissed for want of jurisdiction.  *Id.* at 40.  This appeal followed.

Summary affirmance is appropriate when the judgment is "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists."  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on

---

[1]    Contrary to Mr. McDermott's suggestion, the show cause order was in fact issued by a judge but signed by the Clerk of Court.  *See* Fed. Cir. R. 45(c) (authorizing the Clerk of Court to sign a document "[f]or the [c]ourt" when directed by a judge).  Similarly, for avoidance of doubt, this order is issued by a panel of three judges of this court.

sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citation omitted). It omits from that court's jurisdiction claims that "sound[ ] in tort." § 1491(a)(1). Moreover, consistent with its "gap-filling role," the Tucker Act does not apply in those circumstances in which Congress has provided "a precisely drawn, detailed statute" that "contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12–13 (2012) (citation omitted).

We agree with the government that dismissal here was clearly correct. As the trial court correctly noted, the Court of Federal Claims has no authority to review rulings in Mr. McDermott's other court proceedings. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Joshua*, 17 F.3d at 380. The Court of Federal Claims was also clearly correct that it lacked jurisdiction to the extent Mr. McDermott raised a civil rights violation, *see* 28 U.S.C. § 1343 (vesting jurisdiction with federal district courts to hear civil rights claims), or claim sounding in tort, *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

The Court of Federal Claims also found that Mr. McDermott's complaint did not raise a cognizable breach-of-contract claim, and he has failed to make any cogent, non-frivolous argument as to why that determination was incorrect. If anything, his response confirms that his allegation was, at bottom, merely a collateral attack on his prior litigation that falls outside of the trial court's review authority. *See, e.g.,* ECF No. 17 at 6 ("Appellees['] representative is[,] has[,] and was made fully aware that the contract was entered into with the defendant officers and agents when petitioner made his first court appearance in the United States Bankruptcy Court . . . to alert the court

of a fraud taking place against the defendant corporations et al.  When filing legal notices with the defendant corporations agents trying to prevent further frauds on the court.  What the defendant corporate agents failed to disclose their legal jurisdiction and capacity forcing petitioner to pay US currency into the court system on the promise of equal rights and equal protection under the law[.]").

Accordingly,

IT IS ORDERED THAT:

(1) The Court of Federal Claims's judgment is summarily affirmed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

July 27, 2026
Date

Jarrett B. Perlow
Clerk of Court